MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

*Dct 126863*

*3₂*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Felishia Williams, Plaintiff

*(Write the full name of each plaintiff who is filing this complaint.  If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**v.**

State of Michigan
Michigan Dept of Health e Human Services
Michigan Civil Service Commission
Kristen Zeigler
Diane Hersey
Laure British

*(Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case:2:19-cv-13456
Judge: Cox, Sean F.
MJ: Hluchaniuk, Michael J.
Filed: 11-22-2019 At 09:13 AM
CMP WILLIAMS V STATE OF MICHIGAN, E
T AL. (af)

Jury Trial:    ☑ Yes    ☐ No
*(check one)*

## Complaint for Employment Discrimination

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Felishia Williams |
| Street Address | 17614 Westmoreland |
| City and County | Detroit, Wayne |
| State and Zip Code | MI 48219 |
| Telephone Number | 313-213-2880 |
| E-mail Address | ms.fwilliams@hotmail.com |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | State of Michigan |
| Job or Title (if known) | |
| Street Address | P. Pox 30013 |
| City and County | Lansing, Ingham |
| State and Zip Code | MI 48909 |
| Telephone Number | 517-373-3400 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | Michigan Dpt. Health & Human Services |
| Job or Title (if known) | |
| Street Address | 333 S. Grand Ave PO Box 30195 |
| City and County | Lansing, Ingham |
| State and Zip Code | MI 48909 |
| Telephone Number | 517-373-3740 |
| E-mail Address (if known) | |

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

Defendant No. 3

| | |
|---|---|
| Name | MI Civil Service Commission |
| Job or Title (if known) | |
| Street Address | PO Box 30002 |
| City and County | Lansing  Ingham |
| State and Zip Code | MI 48909 |
| Telephone Number | 517-284-0100 |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | Kristen Ziegler |
| Job or Title (if known) | Dental Technician |
| Street Address | 8303 Platt Rd |
| City and County | Saline  Washtenaw |
| State and Zip Code | MI 48176 |
| Telephone Number | 734-429-2531 |
| E-mail Address (if known) | |

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | Center for Forensic Psychiatry |
| Street Address | 8303 Platt Rd |
| City and County | Saline, Washtenaw |
| State and Zip Code | MI 48176 |
| Telephone Number | 734-429-2531 |

3

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[✓]   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ]   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[ ]   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ]   Other federal law *(specify the federal law)*:

[ ]   Relevant state law *(specify, if known)*:

[ ]   Relevant city or county law *(specify, if known)*:

MIED ProSe 7 (Rev 5/16) Complaint for Employment Discrimination

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☐ Termination of my employment.
☐ Failure to promote me.
☐ Failure to accommodate my disability.
☑ Unequal terms and conditions of my employment.
☑ Retaliation.
☐ Other acts *(specify)*:

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
5/4/16, 5/24/17, 6/16/17, 6/27/17, 6/26/17, 9/8/17, 12/2/17, 4/27/18, 5/19/18, 7/26/18, 7/27/18.

C. I believe that defendant(s) *(check one)*:

☐ is/are still committing these acts against me.
☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑ race _____
☐ color _____
☐ gender/sex _____
☐ religion _____
☐ national origin _____
☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
☐ disability or perceived disability *(specify disability)*
_____

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

E.      The facts of my case are as follows.  Attach additional pages if needed.

See Attached.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

   9/27/17, 9/20/18

B.    The Equal Employment Opportunity Commission *(check one)*:

   ☐    has not issued a Notice of Right to Sue letter.

   ☑    issued a Notice of Right to Sue letter, which I received on *(date)*

      8/31/19
      *(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

   ☐    60 days or more have elapsed.

   ☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.

See attached.

7

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____11/22_____, 20 19 .

Signature of Plaintiff _____

Printed Name of Plaintiff   Felishia Williams

8

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

**Additional Information:**

I.      B.   Diane Heisel
             Psychiatrist Director
             8303 Platt Rd Saline, Washtenaw, MI 48176
             734-429-2531

             Lance Bettison
             EEOC Coordinator
             PO Box 30002 Lansing, Ingham, MI 48909
             517-284-0100

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 471-2018-03764 |

| Michigan Department Of Civil Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Felishia Williams | (313) 213-2880 | 1976 |

Street Address                          City, State and ZIP Code
**17614 Westmoreland, Detroit, MI 48219**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CENTER FOR FORENSIC PSYCHIATRY | 15 - 100 | (734) 429-2531 |

Street Address                          City, State and ZIP Code
**8303 Platt Rd, Saline, MI 48176**

RECEIVED

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | SEP 2 0 2018 | |

Street Address                          City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Detroit Field Office
Earliest **05-04-2016**   Latest **09-20-2018**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am an employee with the State of Michigan that was posted at the above-referenced employer/location; I am currently employed as a HR Analyst.

Beginning in or about May 2016 and continuing until July 2018; I was subjected to ongoing race based harassment. On numerous occasions I was threatened and intimidated with workplace violence by employees, the most recent having occurred on 27 April 2018. Since April 2018, I have made several complaints of discrimination to management, but none were taken seriously. After my complaints, I continued to be subjected to and ongoing racial hostile work environment, that includes but is not limited to derogatory rumors, verbal abuse, and disrespectful treatment. I have evidence indicating that co-workers of a different race under the same circumstances were treated more favorably than I have been. Moreover, the individuals who have subjected me to harassment and workplace violence threats have never been corrected or disciplined in any form.

I believe I have been subjected to harassment due to my race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Sep 20, 2018** Date      *Felishia Williams* Charging Party Signature | x *Felishia Williams* SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  20 Sept 18 |

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Felishia Williams**<br>**17614 Westmoreland**<br>**Detroit, MI 48219** | From:  **Detroit Field Office**<br>**477 Michigan Avenue**<br>**Room 865**<br>**Detroit, MI 48226** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **471-2018-03764** | **Kimberly Nicholson,**<br>**Investigator** | **(313) 226-6330** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)* for **Michelle Eisele,**
**District Director**

08-27-19
*(Date Mailed)*

Enclosures(s)

cc:   **Lance Bettison, MDHHS-EEO Officer**
**STATE OF MICHIGAN (CENTER FOR FORENSIC PSYCHIATRY)**
**235 South Grand Ave.**
**P.O. Box 30037**
**Lansing, MI 48909**

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

Southern Division

Case No. _____

Felishia Williams

*Plaintiff(s)*

-v-

HON. ___

Michigan Department of Health and Human Services
State of Michigan
Michigan Civil Service Commission
Kristen Ziegler
Diane Heisel
Lance Bettison

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT AND JURY DEMAND

PLAINTIFF, FELISHIA WILLIAMS, submit the following Complaint against DEFENDENTS STATE OF MICHIGAN, MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES, MICHIGAN CIVIL SERVICE COMMISSION, DIANE HEISEL, KRISTEN ZIEGLER, AND LANCE BETTISON.

NOW COMES Plaintiff, FELISHIA WILLIAMS, hereby demands a trial by jury in the above-captioned cause of action.

## PARTIES AND JURSIDICTION

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") (Race Discrimination), 42 U.S.C. § 2000e *et seq.*; the Elliott-Larson Civil Rights Act, MCL § 37.2101 *et seq.*

2. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C.A. § 1391 (b) and (c).

3. Plaintiff Felishia Williams (herein "Plaintiff") is a resident of the United States and resides in Wayne County, Michigan, within the Eastern District of Michigan.

4. Defendant Michigan Department of Health and Human Services (herein "MDHHS") a sub-division of the State of Michigan which operates in Washtenaw County, Michigan within the Eastern District.

5. Defendant Michigan Civil Service Commission (herein "MDCS") a sub-division of the State of Michigan which operates in Washtenaw County, Michigan within the Eastern District.

6. Defendant Diane Heisel is the former Senior Executive Psychology Director at the Center for Forensic Psychiatry (herein "CFP"). Defendant Heisel held this position and was an agent of the CFP at all times relevant to this complaint.

7. Defendant Kristen Ziegler is the former Secretary of Clinical Affairs at the CFP. Defendant Kristen Ziegler held this position and was an agent of the CFP at all times relevant to this complaint.

8. Defendant Lance Bettison is the EEOC Coordinator for MDHHS. Defendant Lance Bettison held this position and was an agent in this capacity since March of 2017.

9. The discriminatory practices and all other acts alleged in this Complaint occurred within the Eastern District of Michigan.

10. This is an action alleging discrimination based on race and retaliation in violation of Title VII of the Civil Rights Act seeking equitable and injunctive relief and money damages against the Defendants, as set forth herein.

11. Defendant MDHHS is an employer and Plaintiff is an employee of MDCS servicing MDHHS employees with the meaning of Title VII.

12. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her race (African American) and retaliation for reporting discriminatory practices.

13. Plaintiff received her notice of right to sue on or about August 31, 2019, and she has filed this Complaint within ninety (90) days of receiving her notice of rights.

**Allegations of Fact**

14. Plaintiff asserts and alleges each and every allegation contained in paragraphs 1 through 13, as if fully set forth herein.

15. Plaintiff is and African American female, and as such, a member of a protected class.

16. Plaintiff has been employed by Defendant MDCS for approximately 12 years and has held various positions within the organization.

17. Since September 2, 2012, Plaintiff serviced the employees at CFP in the human resources compacity.

18. Approximately in the mid-2014, Plaintiff was selected to work out of class as a Human Resources Analyst while the Human Resources Director was on a medical leave of absence and again in the late 2014.

19. This decision caused Defendant Kristen Ziegler, Human Resources Assistant to become hostile which led to her making derogatory statements based on my race; specifically, "You and Robbin have a special relationship".

20. Robbin Cooper is an African American female and the Human Resource Director.

21. When asked, what Defendant Kristen Ziegler meant by the "special relationship" comment, Defendant Kristen Ziegler stated, "Well you know". Plaintiff stated, "I don't, and it can be taken many different ways so please stop saying that."

22. Defendant Kristen Ziegler and Plaintiff discussed the ways others could interpret her suggestion.

23. In April 2016, Defendant Diane Heisel contacted Diane Montri, Human Resources Analyst requesting to give Defendant Kristen Ziegler the promotion she should have received when she was in human resources.

24. On or around May 1, 2016, Plaintiff became aware of Defendant Kristen Ziegler spreading a rumor that Robbin Cooper promoted the Plaintiff because she was

black.

25. Plaintiff emailed Defendant Kristen Ziegler and copied her immediate supervisor Defendant Diane Heisel.

26. Plaintiff requested Defendant Kristen Ziegler to refrain from referencing this so called "special relationship" Plaintiff had with Robbin Cooper and from sharing with others Plaintiff was promoted based on her race.

27. Specifically, "Black people stick together", referencing Robbin Cooper and Plaintiff, and "Felishia got it (promotion) because she was black."

28. According to MDHHS formally know as Department of Community Health February 1, 2013 Handbook, Section I – Misconduct #30 Discriminatory Harassment of co-workers or others related to State employment, employees committing their 1st offense of Misconduct #30, face reassignment/demotion and/or written reprimand to dismissal.

29. Defendant Diane Heisel did not discipline Defendant Kristen Ziegler for this violation.

30. However, Plaintiff has evidence indicating that other employees that reported similar derogatory/defaming/discriminatory remarks were treated less favorably than Defendant Kristen Ziegler; violations were investigated and often resulted in suspension pending investigation and/or followed by disciplinary action up to dismissal.

31. Approximately one year later in 2017, Plaintiff emailed Defendant Diane Heisel

regarding the Performance Rating she submitted for Defendant Kristen Zielger.
Defendant Diane Heisel rated Defendant Kristen Zielger a 3 (high performing) for
valuing diversity and inclusion; actively appreciating and including the diverse
capabilities, insight, and ideas of others and working effectively and respectfully
with individuals of diverse backgrounds, styles, abilities, and motivations. And
added a comment Defendant Kristen Ziegler was respectful to all.

32. Defendant Diane Heisel made false claims of the Plaintiff threatening her in the
email sent by the Plaintiff regarding the rating of Defendant Kristen Ziegler.
Specifically this statement was in question stated by the Plaintiff in the email,
"Also, I will be sharing my testimony to anyone that seeks support from me
regarding issues they have with you or your staff when it relates to disparity of
treatment at CFP, within the restrictions of my confidentiality agreement."

33. On September 13, 2017, David Im, Senior Executive Psychiatric Director;
Hospital Director (Defendant Diane Heisel's supervisor), Defendant Diane Heisel
met with Robbin Cooper, Plaintiff supervisor to discuss Plaintiff inappropriate
behavior and the impact it would have on the facility.

34. There was not an implied or apparent threat made by the Plaintiff. However,
Plaintiff was asked to explain the obvious nature of the statement, accused of not
following the chain of command, was referred to as untrustworthy and instructed
to not email Defendant Diane Heisel.

35. It is disturbing to the Plaintiff that the stereotype of aggressiveness and threating

behavior/gestures has been applied to this matter.

36. Plaintiff asserts if the email was authored by a non-African American woman it would not have been perceived threatening in nature.

37. Plaintiff asserts Defendant Diane Heisel thereafter plot and/or arrange ways to get Plaintiff terminated by subjecting Plaintiff to severe and persistent retaliatory harassment by her agents, representatives and/or employees.

38. Plaintiff has knowledge and evidence of Defendant Diane Heisel and her direct Supervisor not following the chain of command in this situation.

39. On September 8, 2017 Plaintiff was accused by a Non-African American male, whom is supervised by David Im, during a discussion after an interview, Plaintiff was romantically involved with one of the applicants, a young African American male.

40. Plaintiff submitted a complaint to the EEOC Coordinator Defendant Lance Bettison as instructed.

41. The alleged discriminatory harassment complaint was investigated at the facility level. The employee making the claim of romantic involvement between Plaintiff and young African American male received a verbal warning from Dr. Im.

42. However, Plaintiff has evidence indicating that Non-African American employees that reported similar allegations were treated more favorably than Plaintiff and other African American's; complaint was investigated and often resulted in suspension pending investigation and/or followed by disciplinary action.

43. On December 2, 2017 Plaintiff sent an email to all supervisors that complete payroll at CFP.  Theresa Ferguson, Registered Nurse Manager who reports to Defendant Diane Heisel forwarded my email directly to several employees in the Human Resources Office in Lansing attempting to get Plaintiff in trouble for sending out an offensive email.

44. In Theresa Ferguson complaint, she indicated "other Registered Nurse Manager" took offense to my email.  However, Plaintiff contacted said Register Nurse Managers.  Responding Registered Nurse Managers expressed their interpretation of the email in question as "informative" and "did not feel it was inappropriate."

45. Theresa Ferguson did not follow the chain of command and committed a deliberate/desperate attempt to cause harm to Plaintiff.

46. Plaintiff has evidence indicating that Non-African American employees are exempt from following the chain of command and making false claims.  African American's were subjected to warnings when the chain of command is not followed and subject to discipline for false accusations.

47. As a result of Theresa Ferguson claim based on false information, Plaintiff was issued another verbal warning for using all caps and exclamation marks in an email.

48. Plaintiff has evidence of employees of non-African American employees using all caps in email and expressive symbols that did not receive warnings or have their emails forwarded to the Human Resources Office in Lansing.

49. On May 19, 2018 Plaintiff was called into supervisor's office following a phone call from Defendant Diane Heisel.  Defendant Diane Heisel alleged Plaintiff told another employee at CFP that Julie Raymond, Infection Control Nurse who reported directly to Defendant Diane Heisel was going to be fired for her role in a patient's death.

50. Plaintiff had no conversation of the sort with any employee at CFP.

51. Defendant Diane Heisel requested, prior to an investigation that Robbin Cooper counsel Plaintiff for her actions.

52. Plaintiff denied the accusations.

53. After a brief investigation conducted by Robbin Cooper, Julie Raymond apologized for her misrepresentation of the facts.

54. Plaintiff has evidence indicating that Non-African American employees that make false reports were treated more favorably than African Americans accused of the same offense.

55. On July 27, 2017 Plaintiff was threatened by an employee at CFP.

56. Dr. Craig Lemmen, Psychiatrist Director threatened to bring a gun to the human resources office, specifically Plaintiff's work area after several attempts to get an applicant more money than what was offered.

57. A co-worker of the Plaintiff reported the threat.  She was later approached by Defendant Diane Heisel inquiring about the incident.

58. She was asked if Plaintiff was telling the truth and if Dr. Craig Lemmen was

"joking" when he made the comment.

59. Dr. Craig Lemmen apologized for his actions two weeks later.  He was not disciplined for his actions.

60. Plaintiff has evidence indicating that Non-African American employees that reported similar allegations were treated more favorably; complaint was investigated and often resulted in suspension pending investigation and/or followed by disciplinary action.

61. Plaintiff transferred to another facility in June 2018.

62. Plaintiff was asked to return to CFP to train staff on July 26, 2018 and July 27, 2018.

63. On July 26, 2018, Sara Hammig, Departmental Specialist who reports directly to Defendant Diane Heisel called CFP Director of Safety and Security to report that Plaintiff was unauthorized to be in the building.

64. Defendant Diane Heisel also contacted the Director of Safety and Security to inquire on whether I was authorized to be in the building.

65. Plaintiff reported incident to supervisor, and it was forwarded to Dr. Mellos, Defendant Diane Heisel's supervisor.

66. Nothing was done to either employees for their actions.

67. Plaintiff has evidence indicating that Non-African American employees that visit CFP are not subjected to harassment and having security called on them.

**Count I - Disparate Treatment - Race Discrimination in Violation of Title VII**

68. Plaintiff incorporated by reference the foregoing paragraphs as if fully set forth in length herein.

69. As an employer within the meaning of the Title VII of the Civil Rights Act of 1964. Defendant owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her race.

70. Plaintiff is African American and otherwise a member of a protected class, entitled to the protections afforded by Title VII.

71. Defendants by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of race and acted in accordance with the predisposition.

72. While employed by Defendants MDHHS and MDCS, Plaintiff was subjected to race discrimination by Defendant Kristen Zielger, and Defendant Diane Heisel; by and through its agents, representative and/or employees, said acts being made unlawful by Title VII of the Civil Rights Act of 1964,42 U.S.C. § 2000e *et seq.*

73. Defendants subjected Plaintiff to disparate treatment in whole or in part because of her race, including but not limited to: failing to provide a work environment free from harassment, discrimination or other inappropriate behaviors that may cause an employee to feel uncomfortable and/or substantially interfere with their ability to work.

74. Defendant MDHHS and MDCS by and through its agents, representative and/or

employees intentionally violated the aforementioned Title VII by the following acts:

a. Creating a hostile work environment on the basis of Plaintiff's race; and/or

b. Failing to provide a work environment free from race and discrimination.

75. Because of her race, Plaintiff was subjected to treatment from Defendant MDHHS and Diane Heisel that was disparate from the treatment given to non-African American co-workers who were treated more favorably than Plaintiff.

76. This disparate and less favorable treatment to which Plaintiff was subjected from Defendant MDHHS and Diane Heisel has included adverse employment actions on the basis of Plaintiffs race, and Plaintiff has otherwise been discriminated against with respect to conditions or privileges of employment on the basis of her race.

77. CFP has a pattern of practice that encourages management and supervisory personnel to actively encourage disparate treatment of African American employees and less favorable treatment of African American accused of violations of rules/policies than Non-African American employees accused of the same or similar acts.

78. Defendants MDHHS, MDCS, Kristen Ziegler and Diane Heisel actions in violation of Title VII were willful and intentional.

79. Defendants MDHHS, Kristen Ziegler and Diane Heisel had no legitimate business reason for its actions in violation of Title VII, which specifically

prohibits discrimination against any person regarding the terms of employment on the basis of race.

80. As a direct and proximate result of Defendants violation of Title VII as aforementioned, Plaintiff has suffered emotional distress, mental anguish and humiliation and embarrassment.

WHEREFORE, Plaintiff Felishia Williams prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in willful violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

b. Award Plaintiff compensatory damages;

c. Award Plaintiff attorney fees, cost and interest if counsel is retained in the future;

d. Award Plaintiff all punitive damages to which she is entitled;

e. Award such other relief as the Court deems just and proper.

## Count II – Retaliation Violation of Civil Rights Act of 1964-42 U.S.C § 2000e-2

81. Plaintiff incorporated by reference the foregoing paragraphs as if fully set forth in length herein.

82. Title VII prohibits retaliation against any individual because that person opposed a violation of this act, or because the person made a charge, filed a complaint, testified, assisted, or participated in any investigation… under the act 42 U.S.C §

2000e-3(a).

83. At all materials times, Plaintiff has been an employee of MDCS servicing Defendant MDHHS, covered by and within the meaning of Title VII.

84. Complaining about, reporting, and/or opposing racially discriminatory policies or patterns of practice, and/or filing an EEOC Charge of discrimination is a statutorily protected activity.

85. Plaintiff engaged in conduct protected under Title VII of the Civil Rights Act of 1964, including, but not limited to, complaining of, reporting, and/or opposing the discriminatory conduct of the agents, representatives, and/or employees of Defendant MDHHS and by filing an EEOC Charge of Discrimination.

86. Defendant MDHHS had knowledge of Plaintiff's protected activities as set forth in the preceding paragraphs.

87. Defendant MDHHS, by and through its agents, representatives, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, bringing corrective actions, denying Plaintiff conditions, terms, and privileges provided to other employees who had not engaged in protected activity, selectively enforcing policies/procedures solely against the Plaintiff and not enforcing policies/procedures against non-African Americans that harmed Plaintiff.

88. Plaintiff was subjected to harassment and other retaliatory acts by Defendant MDHHS, Defendant Kristen Ziegler, and Defendant Diane Heisel, its agents, representatives, and employees in retaliation for her opposition to civil rights

violations and having complained about the discriminatory acts described herein, in violation of Title VII of the Civil rights Act of 1964.

89. Defendant MDHHS, Defendant Kristen Ziegler, Defendant Diane Heisel and its agents, representatives and/or employees' action were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

90. As a direct and proximate result of Defendant MDHHS, Defendant Kristen Zielger, Defendant Diane Heisel and its agents, representatives and/or employee's unlawful actions and retaliations against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, mental and emotional distress.

91. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed to satisfy any and all such inadequacies. The conduct of Defendants was and remains extreme and outrageous subjecting Defendants to punitive damages.

> WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgement in her favor and against Defendants, jointly and severally in an amount that is fair and reasonable and compensates Plaintiff for her injuries, plus cost, interest and attorney fees, if applicable, as well as punitive and/or exemplary damages so wrongfully incurred.

## Count III – Racial Hostile Work Environment-Harassment in Violation of Title VII of The Civil Rights Act of 1964

92. Plaintiff incorporated by reference the foregoing paragraphs as if fully set forth in length herein.

93. During the course of employment with Defendant MDHHS and Defendant MDCS, Plaintiff was subjected to racially harassing conduct by Defendant's agents, representatives and/or employees.

94. Plaintiff complained to Defendants about the race discrimination and hostile work environment to which she and other African American minority employees were subjected.

95. The racially harassing conduct had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive work environment.

96. Defendants had both actual and constructive notice that its agents, representatives, and/or employees created a hostile and offensive work environment for Plaintiff.

97. Despite having notice of the racially harassing conduct to which the Plaintiff was subjected, Defendants failed to remediate.

98. If Plaintiff had been non-African American, she would not have been treated in the manner recounted above.

99. Defendants conduct violated Title VII of the Civil Rights Act of 1964.

100.     As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of terms, conditions, and/or privilege of

employment; the opportunity to select a work location, suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

101.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. The conduct of Defendants was and remains extreme and outrageous subjecting Defendants to punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgement in her favor and against Defendants, jointly and severally in an amount that is fair and reasonable and compensates Plaintiff for her injuries, plus cost, interest and attorney fees, if applicable, as well as punitive and/or exemplary damages so wrongfully incurred.

Dated:  November 21, 2019

Felishia Williams
17614 Westmoreland
Detroit, MI 48219
313-213-2880
Ms.fwilliams@hotmail.com

JS 44 (Rev. 02/19)

# CIVIL COVER SH

Case 2:19-cv-13456
Judge: Cox, Sean F.
MJ: Hluchaniuk, Michael J.
Filed: 11-22-2019 at 09:13 AM
CMP WILLIAMS V STATE OF MICHIGAN, E
T AL. (af)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the f
provided by local rules of court. This form, approved by the Judicial Conference of the United States
purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEF

(b) County of Residence of First Listed Plaintiff   Wayne
   *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Ingham
   *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
   THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
   Plaintiff
- [ ] 3  Federal Question
   *(U.S. Government Not a Party)*
- [x] 2  U.S. Government
   Defendant
- [ ] 4  Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [x] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | [ ] 862 Black Lung (923) | Protection Act |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 864 SSID Title XVI | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | Exchange |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | | [ ] 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 871 IRS—Third Party | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | 26 USC 7609 | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | | Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | State Statutes |
| | Other | [ ] 550 Civil Rights | Actions | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original
   Proceeding
- [ ] 2 Removed from
   State Court
- [ ] 3 Remanded from
   Appellate Court
- [ ] 4 Reinstated or
   Reopened
- [ ] 5 Transferred from
   Another District
   *(specify)*
- [ ] 6 Multidistrict
   Litigation -
   Transfer
- [ ] 8 Multidistrict
   Litigation -
   Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964

Brief description of cause:
Discrimination based on race

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# PURSUANT TO LOCAL RULE 83.11

1.       Is this a case that has been previously dismissed?

☐ Yes
☐ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.       Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☐ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :